UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRANDON MOCKBEE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN, )<br>)<br>Respondent. ) | No. 1:21-cv-00764-JRS-DML |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Brandon Mockbee is a prisoner of the Indiana Department of Correction. He brings this habeas petition challenging his prison disciplinary conviction under Case No. BTC 20-01-0383. For the reasons explained below, the habeas petition is **DENIED**.

## I. LEGAL STANDARD

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II. BACKGROUND

In January 2020, Mr. Mockbee made a series of phone calls to the Warden's office at Branchville Correctional Facility. Each time, he called the facility's tip line to report an instance of sexual misconduct; after the call to the tip line was over, he redirected his call to the Warden's office. On January 27 and January 28, he left messages on the Warden's voicemail. On January 30, he spoke to the Warden's secretary for more than twenty minutes under a false name. Each call resulted in a separate disciplinary proceeding for interfering with staff in violation of prison code B-252. *See* dkts. 10-1, 10-2, 10-3.

This petition concerns Mr. Mockbee's disciplinary conviction for the call on January 30. Dkt. 10-1. During the call, Mr. Mockbee claimed to be Steven Kinser and said he was calling to discuss a matter involving Brandon Mockbee. *Id.* He took up the secretary's time on questions about medical care, the family relationships of different employees at the facility with the last name "Mitchell," his classification status, his attempts to e-file documents in court through the law library, his requests to call witnesses at prison disciplinary hearings, his earliest possible release date, his request for a facility transfer, the name and phone number of the Director of Classification for the Indiana Department of Correction ("IDOC"), the phone number for an internal affairs officer, requests for an attorney for his disciplinary proceedings, and charges for making photocopies in the law library. *See* dkt. 15 (audio recording of phone call).

When the secretary learned that she had been talking to Mr. Mockbee, and not Mr. Kinser, she wrote a report of conduct charging Mr. Mockbee with interfering with staff in violation of prison code B-252. Dkt. 10-1. Mr. Mockbee received notice of this disciplinary charge when he received a copy of the screening report. Dkt. 10-6. Mr. Mockbee refused to participate in the screening and did not ask to call any witnesses or to present physical evidence. *Id.*

Mr. Mockbee's disciplinary hearing was held on March 2, 2020. Mr. Mockbee argued there was no evidence that he made the phone call on January 30. He also argued that his conduct reports were "stacked," meaning that he was charged with the same conduct violations in multiple reports, and that his request to listen to the audio recording of the phone call was denied. The disciplinary hearing officer rejected these arguments and found Mr. Mockbee guilty based on the conduct report and the audio recording of the phone call. Mr. Mockbee received a ninety-day loss of earned credit time. Dkt. 10-9.

Mr. Mockbee appealed his disciplinary conviction to the Facility Head and the IDOC Final Reviewing Authority. Dkts. 10-12, 10-13. After these appeals were denied, he filed this petition pursuant to 28 U.S.C. § 2254. Dkt. 1. In his petition, Mr. Mockbee claims that the evidence is insufficient to support his conviction, that he was denied his right to exculpatory evidence, and that his conviction violates his right to be free from double jeopardy. *Id.*

### III. DISCUSSION

#### A. Sufficiency of the Evidence

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 600, 675 (7th Cir. 2012) ("The some evidence standard is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence standard" is much more lenient than the beyond a reasonable doubt standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).

Mr. Mockbee was found guilty of interfering with staff for calling the Warden's office under a false name and speaking with the Warden's secretary for more than twenty minutes. This provision of the disciplinary code prohibits prisoners from "[i]nterfering with a staff member in the performance of his/her duties." Dkt. 10-5.

Mr. Mockbee argues that the evidence is insufficient because there is no evidence that he spoke with the Warden's secretary during the phone call on January 30. Dkt. 1, p. 2. This is incorrect. There is an audio recording of Mr. Mockbee's phone call in the record. The call originated from within the correctional facility. The caller identified himself as Mr. Mockbee and left a message on a tip line about an instance of sexual misconduct. After leaving this message, the caller redirected the call to the Warden's office, where he spoke to the Warden's secretary per her report, dkt. 10-1, and where he pretended to be a person outside the facility named Stephen Kinser. *See* dkt. 15. This is evidence that Mr. Mockbee made the phone call to the Warden's office and spoke to the Warden's secretary on January 30.

Mr. Mockbee also argues that calling the Warden's office and speaking with the Warden's secretary for more than twenty minutes under a false name did not violate prison code B-252. The Court disagrees. The facility maintains several processes through which prisoners can raise concerns about issues related to their confinement. Disciplinary issues can be raised through the disciplinary appeals process. Classification issues can be raised through the classification appeals process. Issues relating to medical care can be raised through the grievance process. If every prisoner called the Warden's office directly to raise these concerns, the office would not be able to manage its essential duties. Even on an individual level, Mr. Mockbee distracted the Warden's secretary from completing her essential duties for more than twenty minutes when he posed as a member of the public calling about a friend or family member confined to the facility.

The fact that Mr. Mockbee called under a false name suggests that he knew he was engaged in prohibited conduct. The Court is also concerned that Mr. Mockbee used this phone call as an opportunity to request contact information for IDOC's Director of Classification and an internal affairs officer. It is unlikely that the Warden's secretary would have provided this information to a prisoner.

There is some evidence to support Mr. Mockbee's conviction for interfering with staff, and his request for relief on this ground is **DENIED**.

### B. Exculpatory Evidence

Prisoners have a limited right to present witnesses and evidence in their defense, consistent with correctional goals and safety. *Wolff*, 418 U.S. at 566. A hearing officer has considerable discretion with respect to requests for evidence and may deny requests that threaten institutional safety or requests that are irrelevant, repetitive, or unnecessary. *Piggie Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process only requires access to witnesses and evidence that are exculpatory. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 2011). Prison officials are not required to produce evidence they do not have. *Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017).

Mr. Mockbee argues that he was denied his right to exculpatory evidence because prison officials did not provide him with the audio recording of his phone call to the Warden's office on January 30. The Court has reviewed this audio recording, which the respondent has provided as a sealed, *ex parte* exhibit, and determined that the audio recording is not exculpatory. To the contrary, the audio recording shows that it was Mr. Mockbee, and not Stephen Kinser or anyone

5

else, who made the phone call to the Warden's office. Mr. Mockbee initiated the call from inside the correctional facility. He identified himself as the caller when he left a message on the tip line. He then redirected the call to the Warden's office, at which time he lied about his identity.

Mr. Mockbee also argues that prison officials failed to provide "video" or a "phone number." Dkt. 1, p. 2. The Court interprets this argument as requesting surveillance video of the person making the phone call and a record of the phone number that called the Warden's office on January 30. As an initial matter, the record does not support a fining that this evidence exists. *See Manley*, 699 F. App'x at 576 (prison officials do not have to produce evidence they do not already possess). And even if this evidence did exist, it would merely confirm that it was Mr. Mockbee who engaged in the call on January 30. Again, the audio recording shows that the call originated from within the correctional facility and was made by Mr. Mockbee. Nothing in the record suggests that this evidence would have been exculpatory. Accordingly, Mr. Mockbee's request for relief on this ground is **DENIED**.

### C. Double Jeopardy

Mr. Mockbee argues that he received three separate disciplinary charges for the same violation—interfering with staff by calling the Warden's office in January 2020. However, "protections against double jeopardy apply only to criminal proceedings, and prison discipline is not a criminal proceeding." *Decker v. Bell*, 772 F. App'x 339, 341 (7th Cir. 2019) (citing *Hudson v. United States*, 522 U.S. 93, 98-99 (1997), and *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). *See also Portee v. Vannatta*, 105 F. App'x 855, 858 (7th Cir. 2004).

Even if double jeopardy protections did apply in this context, Mr. Mockbee would not be entitled to relief on this ground. He received a single disciplinary charge for his phone call to the Warden's office on January 30. His other disciplinary charges related to similar but separate

episodes of misconduct earlier in the week. *Compare* dkt. 10-1 *with* dkt. 10-2 *and* dkt. 10-3. Accordingly, his request for relief on this ground is **DENIED**.

## IV. CONCLUSION

For the reasons explained above, the petition for a writ of habeas corpus is **DENIED**. Final judgment in accordance with this Order shall now issue.

**IT IS SO ORDERED**.

Date: 2/3/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRANDON MOCKBEE
262691
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

David A. Arthur
INDIANA ATTORNEY GENERAL
David.Arthur@atg.in.gov